[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The parties intermarried at Chicago, Illinois on July 27, 1968. The court has jurisdiction as the plaintiff has resided continuously in this state for more than thirty years and all statutory stays have expired. The relationship produced no children. By amended complaint the plaintiff has requested a decree of legal separation because the marriage has irretrievably broken down. The defendant has filed a cross-complaint alleging the same ground but has asked that the marriage be dissolved. The evidence clearly indicates this marriage has broken down irretrievably with no hope of reconciliation. Judgment may enter dissolving the marriage on the defendant's cross-complaint.
The plaintiff is 62 years old. She claims no health problems other than currently being depressed over the pending action. She worked in the advertising field in the past but has not worked full time since 1987.
The defendant, age 66, enjoys good health. He holds a Bachelor of Science degree in chemistry from South Dakota State. He has been employed since 1977 with a company that manufactures malt and molasses and serves as vice-president in charge of sales and marketing. The parties have had an unhappy relationship for several years. The defendant has offered several reasons for the failure of the marriage. A detailed description herein would serve no useful purpose. The court finds that the plaintiff must bear the responsibility for the failure of this marriage.
The court has carefully considered the criteria set forth in General Statutes Sections 46b-62, 46b-81 and 46b-82 in reaching the decisions reflected in the orders that follow.
The following orders may enter:
I. Alimony
The defendant shall pay periodic alimony during his lifetime, to the plaintiff in the amount of $78,000 per year. The payments shall be in CT Page 10445 equal monthly installments of $6,500 commencing on September 1, 2001 and on the first day of each and every month thereafter, in advance. They shall continue until the death of the plaintiff, her remarriage or her cohabitation as provided in General Statutes Section 46b-86 (b), whichever event first occurs.
The defendant shall pay the pendente lite alimony award for the month of August, 2001.
II. Property Division
1. The parties shall equally divide the following assets:
a. The escrow balance held by Lawrence Paine, Esq.
b. The defendant's Malt Products Profit Sharing Fund valued as of the date of distribution, including accrued interest, by way of a Qualified Domestic Relations Order.
c. The defendant's Nabisco Pension Plan payable at the rate of $100 to $200 per month upon the defendant's retirement by way of a Qualified Domestic Relations Order.
The court reserves jurisdiction to resolve any issues relating to the implementations of the orders entered under this paragraph and paragraph b. immediately above.
The parties shall share equally the fees incurred to prepare the QDROs.
d. The defendant's American Express Annuity as valued at the date of distribution, including accrued interest.
2. The plaintiff shall retain the following assets:
a. Her condominium located on Soundview Avenue, Stamford, Connecticut.
b. Her bank accounts in the Putnam Trust and First Union Bank.
c. Her 1997 Mercury Sable automobile.
d. Her life insurance policy ($25,000), including its cash value.
e. The household goods/furnishings listed on her financial affidavit.
3. The defendant shall retain the following assets: CT Page 10446
a. His Wells Fargo checking rental account.
b. His Bank of New York checking account
c. His Pruco Investments.
d. The deposit on the Vero Beach, Florida property.
e. The burial plot located in Lincoln, Nebraska.
f. The property in Deming, New Mexico.
g. The Sun Lakes, Arizona property.
h. The Upper Valley, Spearfish, South Dakota, property.
4. The defendant shall pay to the plaintiff as an assignment of property the sum of $40,000.
III. Debts
The plaintiff shall be solely responsible for the debts listed on her financial affidavit dated July 26, 2001. She shall indemnify and hold harmless the defendant from any liability thereon.
IV. Insurances
a. Each party shall be responsible for obtaining and maintaining her and his own health insurance. The defendant shall cooperate in facilitating the plaintiffs efforts to obtain COBRA coverage, if she chooses to apply for it.
b. The defendant shall retain ownership of his present Prudential Life Insurance policy, together with its cash surrender value. He shall transfer to the plaintiff the ownership of his Equitable Life Insurance policy together with its cash surrender value.
V. Attorney's Fees
Each party shall pay her and his own attorney's fees.
VI. Miscellaneous Orders
a. The plaintiffs maiden name of Hoy is ordered restored.
b. The defendant has requested that an extensive restraining order be CT Page 10447 entered against the plaintiff requiring her to have no further contact with the defendant. Based on the plaintiffs past behavior, the defendant's concern is understandable. The plaintiff has expressed regret over her actions and attributes them to the trauma involved surrounding this dissolution matter.
The court accepts the plaintiffs explanation and expects that there will be no reoccurrences of her prior actions in the future. The defendant's request is denied.
The parties are directed to hereafter go about their lives with no further contacts with each other. If the plaintiff does not abide by this directive, the defendant may seek relief in the future in the civil division of the superior court with a petition under General Statutes, Section 46b-15, or he may pursue alternative remedies in the criminal division.
Judgment may enter accordingly.
 ___________________________ NOVACK, JUDGE TRIAL REFEREE